UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS TOOLEY, | ) | |
| an individual, | ) | |
| | ) | CASE NO.: 1:24-cv-08191 |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| POPLAR CREEK PLAZA, LLC, | ) | |
| an Illinois Limited Liability Company, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | / | |

## **COMPLAINT**

Plaintiff, DENNIS TOOLEY, through his undersigned counsel, hereby files this Complaint and sues POPLAR CREEK PLAZA, LLC, an Illinois Limited Liability Company, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 et seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

## **JURISDICTION AND PARTIES**

1.  This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.  Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3.  Plaintiff, DENNIS TOOLEY, (hereinafter referred to as "MR. TOOLEY"), is a resident of the State of Indiana, however, he frequently travels to Chicago to visit his brother and to visit the comedy clubs for his job as a comedian scout.

1

4.      Plaintiff, MR. TOOLEY, is a qualified individual with a disability under the ADA.  MR. TOOLEY suffers from Multiple Sclerosis, which causes severe nerve damage and affects his ability to walk and stand.

5.      Due to his disability, Plaintiff MR. TOOLEY is substantially impaired in several major life activities and requires the use of mobility aids including a wheelchair, walker or a cane depending on his level of pain and fatigue on a daily basis.

6.      Defendant, POPLAR CREEK PLAZA, LLC, an Illinois Limited Liability Company, (hereinafter referred to as "PCP" or "Defendant"), is registered to do business in the State of Illinois.  Upon information and belief, PCP is the owner and/or operator of the real property and improvements which are the subject of this action, to wit: the Property, known as Poplar Creek Plaza, generally located at 1801-1861 W. Golf Road, Schaumburg, Illinois 60194.

7.      All events giving rise to this lawsuit occurred in the Northern District of Illinois.

## COUNT I - VIOLATION OF TITLE III OF THE
## AMERICANS WITH DISABILITIES ACT

8.      Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

9.      The Property, a shopping plaza, is open to the public and provides goods and services to the public.

10.     Plaintiff MR. TOOLEY visited the Property, generally located at 1801-1871 W. Golf Road, Schaumburg, Illinois 60194, and attempted to utilize the goods and services offered at the Property, i.e., enjoy the food at the restaurants and shop at the stores located there.

11.     MR. TOOLEY still desires to visit the Property, but fears that he will again encounter serious difficulty and be unable to fully access the goods and services available at the Property duet to the barriers discussed herein.

12.     MR. TOOLEY plans to and will visit the Property in the near future to utilize the goods and services offered thereon during his next planned trip to Chicago.

13.     Defendant is in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.304 et seq. and is discriminating against the Plaintiff due to Defendant's failure to provide and/or correct, *inter alia,* the following barriers to access which were personally observed and encountered by Plaintiff and which completely prevented his access to the store:

>       A.      Plaintiff personally encountered inaccessible parking designated as accessible throughout the Property due to improper signage heights and damaged signs;

>       B.      Plaintiff personally encountered inaccessible parking designated as accessible throughout the Property due to improper placement of ramps in access aisles causing excessive slopes;

>       C.      Plaintiff personally encountered inaccessible curb ramps throughout the Property due to excessive lips, lack of level landings, disrepair and excessive slopes;

>       D.      Plaintiff personally encountered inaccessible sidewalk routes throughout the Property due to excessive slopes and pavement in disrepair; and

14.     Defendant either does not have a policy to assist people with disabilities or refuses to enforce such a policy if it does exist.

15.     Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access discussed herein have been remedied.

16.     Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

17.     Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

18.     The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, the Plaintiff demands judgment against Defendant, and requests the following injunctive and declaratory relief:

A.      That the Court declares that the Property owned and operated by Defendant is in violation of the ADA;

B.      That the Court enter an Order directing Defendant to alter its facility to make it accessible and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C.      That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with

disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D.     That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E.     That the Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

KU & MUSSMAN, P.A.
Attorneys for Plaintiff
18501 Pines Blvd, Suite 362
Pembroke Pines, Florida 33029
Tel: (305) 891-1322
Fax: (954) 686-3976

By: */s/ Brian W. Coffman, Esq.*
COFFMAN LAW OFFICES P.C.
Attorney for Plaintiff
2615 North Sheffield Avenue, Suite #1
Chicago, IL 60614
Tel: (773) 348-1295
Fax: (773) 242-6188
Email: bcoffmanlaw@gmail.com